IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARY DEGUCHI, ET AL., | ) | CIVIL NO. 07-00144 JMS-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR BIFURCATION AND STAY**

Before the Court is Defendant Allstate Insurance Company's ("Allstate") Motion for Bifurcation and Stay ("Motion"), filed on August 22, 2007.  Defendant Alan Oda Agency, Inc. ("Alan Oda Agency") filed a statement of no opposition on August 29, 2007.  Plaintiffs Mary Deguchi and Ermanno Scalas ("Plaintiffs") filed their memorandum in opposition on September 12, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Allstate's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The instant case arises from the loss of a forty-eight-

foot pleasure vessel named the Princess Natasha ("the Vessel"). Plaintiffs purchased the Vessel in 2005, but put it back on the market several months later.  The Vessel then sank while being transported from Hilo to Honolulu.  Both of the Vessel's crew members were rescued, but they did not issue any radio distress calls before the Vessel sank.  They called for a rescue on a cellular phone after the Vessel sank.  Allstate, the insurer of the Vessel, refused to pay Plaintiffs' loss claim.  Allstate alleges that Plaintiffs have failed to meet their obligations under their policy by failing to: complete their examinations under oath; produce documents relating to the purchase and financing of the Vessel; produce documents relating to their personal finances; and produce cellular telephone records from the night the Vessel sank.

On February 21, 2007, Plaintiffs brought the instant action in state court.  Plaintiffs alleged: 1) a claim under Hawai`i Revised Statutes Chapter 480; 2) breach of the insurance policy; 3) breach of fiduciary duty; and 4) bad faith.  Allstate removed the action on March 19, 2007.

In the instant Motion, Allstate argues that Plaintiffs' bad faith claims should be bifurcated from their coverage claims for purposes of discovery and trial.  Allstate contends that the parties should only litigate the bad faith claims if Plaintiffs prevail on the coverage claims.  Allstate argues that bifurcation

is necessary because Plaintiffs may be able to obtain Allstate's mental impressions and other litigation work product to support their bad faith claims, but such material should not be discoverable in an insurance coverage action. Allstate argues that to allow Plaintiffs access to those materials, including its claims file, before the resolution of the coverage claims would irreparably prejudice its defense.

In their memorandum in opposition,[1] Plaintiffs state that they have refused to answer Allstate's questions and provide documents regarding their personal financial condition. They contend that their finances are only relevant if Allstate had a reasonable basis to believe that Plaintiffs intentionally caused the Vessel to sink. Since the investigation, Plaintiffs have been attempting to obtain information from Allstate regarding whether it had a reasonable basis to believe that Plaintiffs caused the Vessel to sink, but Allstate has not cooperated.

Plaintiffs argue that Allstate has not established that it will be prejudiced by a single trial, or that two trials would be more convenient or economical. Plaintiffs argue that

---

[1] Plaintiffs make several arguments related to Allstate's motion for summary judgment which, at the time Plaintiffs filed their memorandum in opposition to the instant Motion, was set for hearing before the district judge on October 1, 2007. Prior to the hearing, the district judge denied the motion for summary judgment as premature. The district judge stated that Allstate could re-file a motion for summary judgment based upon discovery. This Court therefore need not address Plaintiffs' arguments related to the hearing on the motion for summary judgment.

bifurcation is not warranted because there are overlapping and common issues of fact. Both claims involve the same witnesses, as well as the central issue whether Allstate had a reasonable basis to believe Plaintiffs sunk the Vessel. Plaintiffs also argue that they would be significantly prejudiced by a stay of discovery because the same discovery, including Allstate's claims file, is necessary for both claims.

## DISCUSSION

Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues . . . .

The decision whether to bifurcate proceedings is within a court's sound discretion. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). Bifurcation, however, is the exception rather than the rule of normal trial procedure; Rule 42(b) allows, but does not require, bifurcation to further convenience or avoid prejudice. See id.; see also Fed. R. Civ. P. 42 advisory committee's note (1966 Amendment) ("[S]eparation of issues for trial is not to be routinely ordered[.]").

"With respect to both discovery and trial," the moving party has the "burden of proving that the bifurcation will

promote judicial economy and avoid inconvenience or prejudice to the parties." Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992) (citations omitted); see also Burton v. Mountain W. Farm Bureau Mut. Ins. Co., 214 F.R.D. 598, 612 (D. Mont. 2003).

> Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.

Dallas v. Goldberg, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) (citations omitted). Courts also consider the complexity of the issues and possible jury confusion. See IPPV Enters. v. Cable/Home Commc'n Corp., 26 U.S.P.Q.2d 1714, 1715 (S.D. Cal. 1993). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." Drennan v. Maryland Cas. Co., 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing O'Malley v. United States Fidelity and Guaranty Co., 776 F.2d 494, 501 (5th Cir. 1985) (bifurcation was proper when resolution of breach of insurance contract claim effectively disposed of plaintiff's bad faith claim against insurance company)). Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." See Miller v. Fairchild

5

Indus., Inc., 885 F.2d 498, 511 (9th Cir. 1989) (citation and quotation marks omitted).

At first blush, the issue whether a loss is covered under an insurance policy may seem separate and distinct from the issue whether the insurer acted in bad faith in investigating and denying the insured's loss claim.  Under the facts of this case, however, there is substantial overlap in the issues underlying Plaintiffs' coverage claims and their bad faith claims.  In their court filings, Allstate has not stated that it denied Plaintiffs' loss claim because it believes Plaintiffs intentionally caused the Vessel to sink.  According to Allstate, it denied the claim because Plaintiffs did not fully cooperate during Allstate's investigation.  Plaintiffs acknowledge that they refused to turn over documents or submit to oral examination regarding their financial condition, but they argue that their policy did not require them to do so because their financial condition is not related to the sinking of the Vessel.  According to Plaintiffs, those requests would only be relevant if Allstate believed that Plaintiffs intentionally caused the Vessel to sink.  During the course of Allstate's investigation, Plaintiffs asked Allstate to disclose what facts, if any, caused Allstate to believe that they caused the Vessel to sink.  Plaintiffs also offered to submit to lie detector tests regarding whether they caused the Vessel to sink.  Plaintiffs state that Allstate either refused or ignored

these proposals.  Thus, Allstate apparently neither confirmed nor denied that it believed Plaintiffs were involved in the Vessel's sinking.[2]  Whether Allstate had a reasonable basis to believe that Plaintiffs caused the Vessel to sink does not only pertain to the bad faith claims; it is also relevant to the issue whether Allstate properly concluded that Plaintiffs breached their insurance contract.  Arguably, if Allstate had a reasonable basis to believe that Plaintiffs were involved in the sinking, Allstate's request for information about Plaintiffs' financial condition was relevant to the loss and Plaintiffs' refusal to cooperate was a breach of the insurance contract.  The fact that the coverage claims and the bad faith claims share a central issue weighs against bifurcation.

        Further, Allstate has not shown that a bifurcated trial would be more convenient and economical.  The two phases of the bifurcated trial would feature the same key witnesses, including: Plaintiffs; Dennis Smith, the marine surveyor retained by Allstate to assist in its investigation; and Tom Tabor, the Allstate claims adjuster who worked on Plaintiffs' loss claim.

---

[2] Allstate's filings in the instant case imply that Allstate does believe that Plaintiffs were involved in the sinking of the Vessel.  For example, in motions before this Court, Allstate has stated that the Vessel "mysteriously sank" and called the circumstances surrounding the incident "suspicious".  The instant Motion also includes a discussion of Plaintiffs' finances in which Allstate seems to imply that, at the time the Vessel sank, Plaintiffs were living beyond their means and could not afford the monthly payments on the loan on the Vessel.

Their testimony at each phase would also address many of the same documents, transactions, events, and occurrences.  This Court therefore finds that the interests of judicial economy weigh against bifurcation.

Allstate argues that it will be prejudiced by a single trial because Plaintiffs will be able to obtain discovery of materials containing Allstate's mental impressions, including Allstate's claims file, that they would not be able to obtain if only Plaintiffs' coverage claims were at issue.  In light of the overlapping issues between Plaintiffs' coverage claims and bad faith claims, however, it appears unlikely that significant materials would be discoverable as to the bad faith claims but undiscoverable as to the coverage claims.  Further, Allstate has not presented any arguments or evidence supporting their allegation that Plaintiffs' access to the claims file and other related materials would prejudice Allstate's defense of the coverage claims.  Cf. Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000) (holding that the district court did not abuse its discretion in denying bifurcation of the breach of contract claims and the bad faith claims because the insurer did not show that the insured's access to the claims files prejudiced the insurer's case).  Even assuming, *arguendo*, that some prejudice does exist, this Court finds that it does not outweigh the interests of judicial economy.  This Court, in the exercise

of its discretion, therefore finds that a bifurcated trial is not warranted in this case.

## **CONCLUSION**

On the basis of the foregoing, Allstate's Motion for Bifurcation and Stay, filed on August 22, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, October 10, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARY DEGUCHI, ET AL. V. ALLSTATE INSURANCE COMPANY, ET AL; CIVIL NO. 07-00144 JMS-LEK; ORDER DENYING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR BIFURCATION AND STAY**