IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARY DEGUCHI, ET AL., | ) | CIVIL NO. 07-00144 JMS-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## REPORT OF SPECIAL MASTER ON DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Defendant Allstate Insurance Company's ("Allstate") Motion for Attorneys' Fees and Costs ("Motion"), filed May 12, 2008.  Allstate requests an award of $39,485.00 in attorneys' fees and $6,012.83 in costs, for a total award of $45,497.83.[1]  Plaintiffs Mary Deguchi and Ermanno Scalas (collectively "Plaintiffs") filed their memorandum in opposition on September 8, 2008.[2]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule

_____

[1] Although Allstate's Motion states that it seeks $39,485.00 in attorneys' fees and $6,012.83 in costs, [Motion at 2,] the actual request is for $39,260.50 in attorneys' fees and $6,012.83 in costs, for a total award of $45,273.33.

[2] This Court allowed Plaintiffs' counsel, George Ashford, Jr., Esq., to withdraw on June 12, 2008.  Eric Seitz, Esq., filed a notice of appearance on June 13, 2008.  On June 16, 2008, this Court extended Plaintiffs' deadline to file their memorandum in opposition to the Motion until September 8, 2008.

LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Allstate' Motion be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that, after the entry of judgment, the district judge award Allstate $20,698.50 in attorneys' fees, and $3,430.81 in costs, for a total award of $24,129.31.

## BACKGROUND

The instant case arises from the loss of a forty-eight-foot pleasure vessel named the Princess Natasha ("the Vessel"). Plaintiffs purchased the Vessel in 2005, but put it back on the market several months later.  The Vessel then sank while being transported from Hilo to Honolulu.  Both of the Vessel's crew members were rescued, but they did not issue any radio distress calls before the Vessel sank.  They merely used a cellular phone to call for a rescue after the Vessel sank.  Allstate was the insurer of the Vessel at the time.  According to Allstate, at the time the Vessel sank, Plaintiffs were spending well beyond their means and had to make $3,500 monthly payments on the Vessel. Allstate characterized the circumstances surrounding the sinking as suspicious and refused to pay Plaintiffs' loss claim. Allstate alleges that Plaintiffs failed to meet their obligations under their policy by failing to: complete their examinations

2

under oath; produce documents relating to the purchase and financing of the Vessel; produce documents relating to their personal finances; and produce cellular telephone records from the night the Vessel sank.

On February 21, 2007, Plaintiffs brought the instant action against Allstate and Defendant Alan Oda Agency, Inc. ("Alan Oda Agency") in state court.  The Complaint alleged the following claims: unfair and deceptive trade practices, in violation of Haw. Rev. Stat. § 480-2(a), against Allstate and Alan Oda Agency ("Count I"); breach of the insurance contract against Allstate ("Count II"); breach of fiduciary duty against Alan Oda Agency ("Count III"); and bad faith against Allstate ("Count IV").  Allstate removed the action on March 19, 2007 on the basis of diversity jurisdiction.[3]

On April 9, 2008, the district judge issued an order granting summary judgment in favor of Allstate on all of Plaintiffs' claims.  The parties later stipulated to dismiss Plaintiffs' claims against Alan Oda Agency with prejudice. However, no final judgment has been entered in this case.

In the instant Motion, Allstate argues that it is

---

[3] Allstate alleged: that Plaintiffs are citizens of Nevada; Allstate is an Illinois corporation with its principal place of business in Illinois; and Alan Oda Agency is a Hawaii corporation.  Alan Oda Agency joined in the removal.  [Notice of Removal at ¶¶ 1-3.]  Allstate also represented that the amount in controversy exceeded $75,000.  [Id. at ¶ 5.]

entitled to an award of attorneys' fees and costs pursuant to Haw. Rev. Stat. § 607-14, which governs fee awards for claims in the nature of assumpsit, because all of Plaintiffs' claims against Allstate arise from the alleged nonperformance of the insurance contract.  Allstate asserts that it is Plaintiffs' burden to prove that the case did not present an assumpsit claim.

Allstate acknowledges that § 607-14 limits its award of attorneys' fees and costs to twenty-five percent of the amount Plaintiffs sued for.  Allstate, however, argues that this limit will not reduce its award because Plaintiffs' compensatory damages would have been at least $200,000 because the policy limit was $195,000 for the Vessel and $19,500 for equipment.  In addition, Plaintiffs sought treble damages and punitive damages. Finally, Allstate argues that counsel's hourly rate is reasonable in light of their experience and that the total amount of fees is reasonable for this type of case.

Plaintiffs' memorandum in opposition states, in its entirety:

> Plaintiffs' [sic] oppose any award of costs and fees in this matter for all of the reasons set forth in their memoranda on the motions for summary judgment previously filed herein and due to any technical failures and insufficiencies in Allstate's pending motion that fail to comply with this Court's applicable Rules.

[Mem. in Opp. at 2.]

## DISCUSSION

### I.   Plaintiffs' Objections

Plaintiffs state that they object to an award of attorneys' fees and costs for the reasons stated in the memoranda they filed in connection with the various motions for summary judgment in this case.  This is essentially an argument that Plaintiffs should not have to pay Allstate's fees and costs because Allstate should not have prevailed on the merits of Plaintiffs' claims.  The Court, however, cannot revisit the district judge's rulings on the motions for summary judgment.

Plaintiffs also raise a general objection to the Motion regarding any failures to comply with the Local Rules.  The Court finds that Allstate's Motion generally complies with the requirements of the applicable Local Rules.  To the extent that there may be some minor or technical violations, the Court finds that they do not warrant denying the Motion in its entirety.

### II.  Attorneys' Fees

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity

House, Inc., 111 Haw. 286, 305, 141 P.3d 459, 478 (2006)

(citation and quotation marks omitted).

### A. **Applicability of Haw. Rev. Stat. § 607-14**

Allstate seeks an award of fees pursuant to Haw. Rev.

Stat. § 607-14, which states, in pertinent part:

> In all the courts, in all actions in the nature of
> assumpsit and in all actions on a promissory note
> or other contract in writing that provides for an
> attorney's fee, there shall be taxed as attorneys'
> fees, to be paid by the losing party and to be
> included in the sum for which execution may issue,
> a fee that the court determines to be reasonable;
> provided that the attorney representing the
> prevailing party shall submit to the court an
> affidavit stating the amount of time the attorney
> spent on the action and the amount of time the
> attorney is likely to spend to obtain a final
> written judgment, or, if the fee is not based on
> an hourly rate, the amount of the agreed upon fee.
> The court shall then tax attorneys' fees, which
> the court determines to be reasonable, to be paid
> by the losing party; provided that this amount
> shall not exceed twenty-five per cent of the
> judgment.

A court awarding attorneys' fees pursuant to § 607-14 must

apportion the fees claimed between assumpsit and non-assumpsit

claims, if practicable.  See Porter v. Hu, 116 Haw. 42, 66, 169

P.3d 994, 1018 (Ct. App. 2007) (citing Blair v. Ing, 96 Haw. 327,

332, 31 P.3d 184, 189 (2001)).

### 1. **Prevailing Party**

The Hawaii courts have noted that "'[i]n general, a

party in whose favor judgment is rendered by the district court

is the prevailing party in that court, plaintiff or defendant, as

the case may be. . . .'"  <u>MFD Partners v. Murphy</u>, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); <u>see also</u> <u>Village Park Cmty. Ass'n v. Nishimura</u>, 108 Haw. 487, 503, 122 P.3d 267, 283 (Ct. App. 2005) (quoting <u>MFD Partners</u>).  Thus, under Hawaii law, in order to be deemed the prevailing party for purposes of § 607-14, Allstate must have obtained final judgment in its favor.  <u>Accord</u> <u>Kamalu v. Paren, Inc.</u>, 110 Haw. 269, 278, 132 P.3d 378, 387 (2006) ("In sum, a prevailing party having 'obtained' 'a final judgment' 'against the State,' we hold that the court may award the prevailing party its 'actual disbursements' pursuant to [Haw. Rev. Stat.] §§ 607-9 and 607-24 . . . .").  Insofar as no final judgment has been issued in this case, Allstate's Motion is premature.

The district judge, however, granted summary judgment in Allstate's favor on all of Plaintiffs' claims.  Once final judgment is entered pursuant to the district judge's order, Allstate will be the prevailing party.

### 2. <u>Assumpsit Claims</u>

The Complaint alleged the following claims against Allstate: Count I - violation of Haw. Rev. Stat. § 480-2(a); Count II - breach of contract; and Count IV - bad faith.  As the prevailing party, Allstate is entitled to the attorneys' fees it

7

incurred in connection with the defense of any claims that were in the nature of assumpsit.

> In deciding whether a claim is "in the nature of assumpsit," the Hawai`i Supreme Court has stated:
>> Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi-contractual obligations.  In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action.  In ascertaining the nature of the proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court.  The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought.  Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit.

Porter, 116 Haw. at 66, 169 P.3d at 1018 (quoting Blair, 96 Haw. at 332, 31 P.3d at 189).

Count II is clearly in the nature of assumpsit.  Count IV, however, is not in the nature of assumpsit, even though it is also based upon Allstate's conduct with regard to Plaintiffs' claim under the insurance policy.  See Enoka v. AIG Hawaii Ins. Co., Inc., 109 Haw. 537, 549, 128 P.3d 850, 862 (2006) (stating that "there is a legal duty, implied in a first- and third-party insurance contract, that the insurer must act in good faith in dealing with its insured, and a breach of that duty of good faith gives rise to an independent tort cause of action" (emphasis

8

added) (citation and block quote format omitted)).

Whether Count I is in the nature of assumpsit is a closer issue.  In Leibert v. Finance Factors, Ltd., an unfair and deceptive business practices action, the Hawaii Supreme Court held that the plaintiffs were not entitled to attorneys' fees pursuant to § 607-14.  See 71 Haw. 285, 294, 788 P.2d 833, 838 (1990).  Leibert, however, is not directly on point.  The supreme court noted that the case was essentially a fraud action, id. at 287, 788 P.2d at 835, and that there was no allegation of a "breach of the contract documents as executed[.]"  Id. at 293, 788 P.2d at 838.

Further, Haw. Rev. Stat. § 480-13(b), which governs actions alleging § 480-2(a) violations, states in pertinent part:

> Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2:
> (1) May sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit[.]

The fact that § 480-13 has its own attorneys' fees provision weighs against a finding that Plaintiffs' § 480-2 claim was in the nature of assumpsit.  In addition, § 480-13(b) does not provide for an award of attorneys' fees to a defendant who prevails on a § 480-2 claim.  This Court therefore finds that Allstate is not entitled to its attorneys' fees incurred

defending against Counts I and IV.  Allstate, however, is
entitled to its fees incurred defending against Count II.

       3.   **Apportionment**

     A number of counsel's time entries are specifically
described as relating to the "bad faith" claim.  The Court will
exclude those entries from counsel's compensable time.  The Court
finds that the remainder of counsel's work relates to the action
as a whole.

     The Hawaii Intermediate Court of Appeals ("ICA") has
stated that:

> When a cause of action for which attorney fees are
> provided by statute is joined with other causes of
> action for which attorney fees are not permitted,
> the prevailing party may recover only on the
> statutory cause of action.  However, the joinder
> of causes of action should not dilute the right to
> attorney fees.  Such fees need not be apportioned
> when incurred for representation of an issue
> common to both a cause of action for which fees
> are permitted and one for which they are not.  All
> expenses incurred on the common issues qualify for
> an award.  When the liability issues are so
> interrelated that it would have been impossible to
> separate them into claims for which attorney fees
> are properly awarded and claims for which they are
> not, then allocation is not required.

Porter, 116 Haw. at 69, 169 P.3d at 1021 (quoting Akins v. Enter.
Rent-A-Car Co., 94 Cal. Rptr. 2d 448, 452 (2000)).  In Porter,
the ICA noted that the plaintiffs' claims "were based on a common
core of facts, occurred roughly within the same two-month span of
time, and were based on similar legal theories[,]" and that
"counsels' time was devoted largely to the litigation as a whole

and not divisible into discrete slivers neatly matching each claim advanced." Id.  The ICA held that the circuit court did not abuse its discretion in awarding the plaintiffs fifty percent of their requested fees for their Haw. Rev. Stat. Chapter 481A claim, id. at 70, 169 P.3d at 1022, even though it was only one of several claims, see id. at 47-48, 169 P.3d at 999-1000 (listing claims).

In the present case, all of Plaintiffs' claims arose out of Allstate's handling of their loss claim.  With the exception of the time entries devoted solely to motions relating to the bad faith claim, counsel's work on this case appears to have been devoted to the action as a whole.  Thus, it is not possible to allocate the amount of time spent on the assumpsit claim, as opposed to the non-assumpsit claims.  A full award of Allstate's compensable attorneys' fees, however, would not be warranted because only one of the three claims Plaintiffs alleged against Allstate was in the nature of assumpsit.  This Court therefore finds that an appropriate award is seventy-five percent of the time that is attributable to the action as a whole.  This Court now turns to the amount of the entitlement.

B.   **Calculation of Fees**

Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461

U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 110 Haw. 217, 222, 131 P.3d 500, 505 (2006).  The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 222-23, 131 P.3d at 505-06.  In addition, Hawaii courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 106 Haw. 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).  These factors, however, are merely guides; courts need not consider them in every case.  See id.  In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 92 Haw. 432, 442, 992 P.2d 127, 137 (2000).

Allstate requests the following lodestar amount for work counsel performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Kevin Sumida | 109.0 | $140 | $15,260.00 |
| Anthony Wong | 200.4 | $115 | $23,046.00 |
| Lance Au | 8.3 | $115 | $   954.50 |
| | | **TOTAL** | **$39,260.50**[4] |

[Exh. A to Motion.]  Mr. Sumida, Mr. Wong, and Mr. Lau were admitted to the Hawaii State Bar in 1979, 1993, and 1994, respectively.

### 1.   Reasonable Hourly Rate

The Hawaii courts determine reasonable hourly rates in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Haw. at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

--------------------

[4] The Court has adjusted the amount of Allstate's request to account for a number of mathematical errors in counsel's billing summaries.

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'q, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Although Allstate's counsel did not do this, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Mr. Sumida states that their requested rates are low compared to the rates charged by other law firms doing similar work.  Mr. Sumida also states that the requested rates are lower than the rates paid by other insurance companies that their firm represents.  [Motion, Aff. of Kevin P.H. Sumida, at ¶ g.]  Further, Plaintiffs did not object to counsel's hourly rates.  Based on the parties submissions and this Court's knowledge of the prevailing rates in the community, this Court finds that the requested hourly rates of $140 per hour

for Mr. Sumida and $115 per hour for Mr. Wong and Mr. Au are manifestly reasonable.

### 2.  Reasonable Hours Spent

For the reasons stated in Section II.B.1., this Court finds federal caselaw instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" will not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### a.  Work on Bad Faith Claim

As discussed, *supra*, counsel's work that was devoted

15

specifically to the bad faith claim is not compensable under to § 607-14.  Counsel's billing summary includes a number of time entries attributed to the bad faith claim, including work on the motion for partial summary judgment and the motion to bifurcate the bad faith claim.  This Court will exclude 3.0 hours from Mr. Sumida's time and 33.0 hours from Mr. Wong's time for work attributable to the bad faith claim.

### b.  Pre-Complaint Work

Mr. Sumida and Mr. Wong billed a number of hours from May 2006 until Plaintiffs filed their Complaint on February 21, 2007.  The work that counsel performed during this period appears to relate to Allstate's investigation of Plaintiffs' loss claim. The Court cannot find that counsel performed this work in preparation for Allstate's defense in this case.  Theoretically, if Allstate had decided to pay Plaintiffs' claim after the investigation, Plaintiffs may not have filed this action at all. This Court will therefore deduct 44.7 hours from Mr. Sumida's time and 5.3 hours from Mr. Wong's time for work performed prior to the filing of the Complaint.

### c.  Clerical or Ministerial Tasks

The Court also notes that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  This

16

Court finds that a number of counsel's entries are for clerical tasks, including communicating with this Court's courtroom manager and other members of the Clerk's Office.  The Court will therefore deduct 2.0 hours from Mr. Sumida's time.

### d.   Duplicate Billings

The general rule is that two professionals cannot bill for the same meeting.  See, e.g., Loveland Academy, LLC, et al. v. Hamamoto, et al.; CV 02-00693 HG-LEK; Report of Special Master on Plaintiffs' Motion for Award of Attorneys' Fees and Costs, filed August 13, 2008, at 26 (citing In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)).[5]  This Court finds that Allstate cannot be compensated for Mr. Wong's time spent in meetings or telephone conferences that Mr. Sumida also billed for.  This Court will therefore deduct 2.0 hours from Mr. Wong's time.

In addition, Mr. Sumida has two entries 0.5 hour entries on 2/21/07 for: "Review court records to determine if lawsuit has been filed by insureds."  [Exh. A to Motion at 10.] Insofar as this appears to be an erroneous repeat, the Court will deduct 0.5 hours from Mr. Sumida's time.

The Court finds that the remainder of counsel's time

_____

[5] The district judge adopted this Court's Report of Special Master in Loveland on September 9, 2008.

was reasonably and necessarily incurred in these proceedings and related to the action as a whole.

### 3.    Total Lodestar Award

Based on the foregoing, this Court finds that Allstate has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Kevin Sumida | 58.8 | $140 | $ 8,232.00 |
| Anthony Wong | 160.1 | $115 | $18,411.50 |
| Lance Au | 8.3 | $115 | $   954.50 |
| | | Subtotal | $27,598.00 |
| 25% reduction for non-assumpsit claims | | | -$6,899.50 |
| | | **TOTAL** | **$20,698.50** |

This Court finds it unnecessary to adjust the award amount based on the factors articulated in Chun.  See 106 Haw. at 435, 106 P.3d at 358.

Section 607-14 limits the award of attorneys' fees to twenty-five percent of the judgment.  The fee award is "assessed . . . upon the amount sued for if the defendant obtains judgment."  Haw. Rev. Stat. § 607-14.  The Complaint does not specify the amount of damages that Plaintiff sought.  Plaintiffs' Request to Exempt Case from the Court Annexed Arbitration

Program,[6] however, states that "the probably [sic] jury award value, not reduced by the issue of liability, and exclusive of attorney's fees, interest and cost, is in excess of $150,000.00." [Exh. A to Notice of Removal at 21.]  The recommended award of attorneys' fees is within twenty-five percent of that amount.

## III. <u>Costs</u>

Although Haw. Rev. Stat. § 607-14 does not expressly authorize an award of costs in addition to attorneys' fees, Hawaii courts award costs pursuant to § 607-14.  <u>See</u>, <u>e.g.</u>, <u>Fought & Co., Inc. v. Steel Eng'g & Erection, Inc.</u>, 87 Haw. 37, 52, 951 P.2d 487, 502 (1998) (noting that appellate courts have jurisdiction to award attorneys' fees and costs on appeal pursuant to § 607-14).

Allstate requests an award of the following costs pursuant to § 607-14:[7]

| | | |
|---|---|---|
| 4/1/08 | Expert witness fee | $2,565.44 |
| 9/27/07 | Expert witness fee | $ 628.27 |
| 7/30/07 | Expert witness fee | $ 200.34 |
| 10/30/06 | Transcript EUO Ermanno Scalas | $ 166.67 |
| 8/8/06 | Transcript EUO Mary Deguchi | $1,232.48 |
| 10/22/07 | Transcript Dennis Smith records | $ 185.08 |

---

[6] The request is one of the documents submitted with the Complaint as Exhibit A to the Notice of Removal.

[7] Allstate summarizes its cost request in a sheet entitled "BILL OF COSTS", which is attached to the Motion.  The term "Bill of Costs" typically refers to a request for taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  <u>See</u> Local Rule LR54.2.  Allstate, however, did not cite either Rule 54(d)(1) or Local Rule 54.2 in its Motion.  This Court therefore assumes that Allstate seeks costs pursuant to § 607-14.

|           | deposition                        |              |
|-----------|-----------------------------------|--------------|
| 11/30/07  | Transcript Dennis Smith oral deposition | $ 618.01 |
| 3/17/08   | Transcript Tom Tabor deposition   | $  416.54    |
|           | **TOTAL**                         | **$6,012.83** |

[Motion, Bill of Costs.]  Allstate submitted an invoice for each expense.  [Exhs. B-I to Motion.]

   A.   **Expert Witness Fees**

        The three invoices for expert witness fees are from Marine Surveyors and Consultants, Ltd. ("MSCL").  MSCL billed 12.25 hours at $200 per hour from March 12 to 25, 2008, primarily for the preparation of its expert report.  [Exh. B to Motion.] MSCL billed 4.0 hours at $150 per hour from January 10 to September 26, 2007.  [Exh. C to Motion.]  On July 30, 2007, MSCL billed 1.25 hours at $150 per hour, plus expenses, for a deposition.  [Exh. D to Motion.]

        Expert witnesses fees are an expense that is commonly charged to a fee paying client and MSCL's work was necessary to Allstate's defense in this case.  This Court, however, has already found that counsel's pre-Complaint time is not compensable.  This Court also finds that Allstate's pre-Complaint costs are not compensable and will therefore deduct the 0.25 hours that MSCL billed on January 10, 2007, which was prior to the filing of the Complaint.  This Court deducts $39.27 from

Allstate's expert witness fees.[8]  The Court finds that the remainder of Allstate's expert witness fees, or $3,354.78, is compensable.

B.    **Court Reporter Fees**

Allstate seeks $166.67 for the transcript of Scalas' examination under oath ("EUO") on October 30, 2006, and $1,232.48 for the transcript of Deguchi's EUO on August 28, 2006.  [Exhs. E & F to Motion.]  This Court finds that these items are not compensable because Allstate cannot recover its pre-Complaint costs.

Allstate also seeks: $185.08 for the transcript of Dennis Smith's records deposition on July 30, 2007; $618.01 for the transcript of Smith's October 31, 2007 oral deposition; and $416.54 for the transcript of Thomas Tabor's March 7, 2008 deposition.  [Exhs. G-I to Motion.]  Court reporter fees for deposition transcripts are an expense that is commonly charged to a fee paying client and the Court finds that these transcripts were necessary to Allstate's defense in this case.  This Court therefore finds that $1,219.63 of Allstate's court reporter fees is compensable.

C.    **Summary of Compensable Costs**

This Court finds that the following costs are

---

[8] This amount represents 0.25 hours at $150 per hour, or $37.50, plus 4.712% tax.

compensable:

|                     |            |
|---------------------|-----------:|
| Expert witness fees | $3,354.78  |
| Court reporter fees | $1,219.63  |
| Total               | $4,574.41  |

For the reasons stated in section II.A.3., this Court will also reduce the award of costs by twenty-five percent to account for the portion of the costs that is attributable to the non-assumpsit claims.  This Court therefore finds that Plaintiff is entitled to an award of $3,430.81 in costs.  The Court notes that the recommended award of attorneys' fees and costs does not exceed the twenty-five percent limit in § 607-14.  See DFS Group, 110 Haw. at 220, 131 P.3d at 503 ("§ 607-14 also provides that an award of costs and fees 'shall not exceed twenty-five per cent of the judgment.'").

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Allstate's Motion for Attorneys' Fees and Costs, filed May 12, 2008, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that, after the entry of judgment, the district judge award Allstate $20,698.50 in attorneys' fees, and $3,430.81 in costs, for a total award of $24,129.31.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 23, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARY DEGUCHI, ET AL. V. ALLSTATE INS. CO., ET AL; CIVIL NO 07-
00144 JMS-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT ALLSTATE
INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS**