IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARY DEGUCHI; ERMANNO SCALAS, | ) ) ) | CIVIL NO. 07-00144 JMS/LEK |
| | ) | ORDER GRANTING IN PART AND |
| Plaintiffs, | ) | DENYING IN PART DEFENDANT |
| | ) | ALLSTATE INSURANCE |
| vs. | ) | COMPANY'S MOTION FOR |
| | ) | ATTORNEYS' FEES INCURRED ON |
| ALLSTATE INSURANCE | ) | APPEAL |
| COMPANY, ALAN ODA AGENCY, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
ALLSTATE INSURANCE COMPANY'S MOTION FOR ATTORNEYS'
FEES INCURRED ON APPEAL**

## I. INTRODUCTION

Plaintiffs Mary Deguchi and Ermanno Scalas (collectively

"Plaintiffs"), brought this action against their insurer Allstate Insurance Company

("Allstate"), after it refused to pay for the loss of Plaintiffs' boat, THE PRINCESS

NATASHA, on the basis that the loss was suspicious and Plaintiffs were not

helpful in Allstate's investigation. On April 9, 2008, the court granted summary

judgment in favor of Allstate, which was affirmed on appeal.

Currently before the court is Allstate's request for attorneys' fees incurred on appeal. Based on the following, the court finds that Allstate is entitled to attorneys' fees in the amount of $6,372.38.

## II.  BACKGROUND

The initial action in this case arose from the loss of THE PRINCESS NATASHA, a forty-eight foot pleasure vessel, which Plaintiffs purchased in 2005, and soon put back on the market later that same year. In February 2006, THE PRINCESS NATASHA sank off the coast of Kahoolawe while en-route to Honolulu. Allstate characterized the loss as suspicious and started an investigation into Plaintiffs' insurance claim.

On February 21, 2007, Plaintiffs brought this action against Allstate in state court, which was removed to this court on March 19, 2007. Plaintiffs' Complaint asserted that Allstate improperly refused to pay Plaintiffs' insurance claim and alleged claims for: (1) unfair and deceptive trade practices in violation of Hawaii Revised Statutes ("HRS") § 480-2(a) ("Count I"), (2) breach of insurance contract ("Count II"), and (3) bad faith ("Count IV").[1]

---

[1] Plaintiffs also asserted claims against Defendant Alan Oda Agency, but the parties later stipulated to dismissal of all claims against this Defendant.

On April 9, 2008, this court granted summary judgment in favor of Allstate on all of Plaintiffs' claims. *Deguchi v. Allstate Ins. Co.*, 2008 WL 1780271, at \*1 (D. Haw. Apr. 9, 2008). As to Plaintiffs' contract claim, the court found that Plaintiffs' refusal to answer questions and submit to examinations under oath prevented Allstate from determining insurance coverage such that Allstate had no duty to pay Plaintiffs under the insurance policy contract. *Id.* at \*10. The court also found that due to good faith questions of coverage, Allstate did not violate HRS § 480-2 or demonstrate bad faith by requesting additional information and not paying Plaintiffs' claim. *Id.* at \*13.

While the summary judgment order was on appeal, Allstate filed a motion for attorneys' fees in this court, seeking $39,485.00 in fees and $6,012.83 in costs. On September 23, 2009, then-Magistrate Judge Leslie E. Kobayashi submitted her Special Master's Report, recommending that Allstate be awarded a portion of its fees and costs. Special Master's Report, 2008 WL 4344741, at \*10 (D. Haw. Sept. 23, 2008). The Special Master's Report found that Allstate was entitled to fees and costs associated with defending the assumpsit claim pursuant to HRS § 607-14, but because only one of three claims against Allstate was in the nature of assumpsit, Allstate's requested award should be reduced by twenty-five percent. *Id.* at \*5. The Special Master's Report recommended that once final

judgment was entered, this court should award Allstate $20,698.50 in attorneys'

fees and $3,430.81 in costs, for a total of $24,129.31. *Id.* at *1. Without objection,

this court adopted the Special Master's Report on October 22, 2008. *Deguchi v.*

*Allstate Ins. Co.*, 2008 WL 4659520 (D. Haw. Oct. 22, 2008). That ruling was not

appealed.

On October 29, 2010, the Ninth Circuit affirmed. *Deguchi v. Allstate*

*Ins. Co.*, 2010 WL 4269582 (9th Cir. Oct. 29, 2010). Allstate subsequently

petitioned the Ninth Circuit for its attorneys' fees incurred during the appeal

process. On November 30, 2010, the Ninth Circuit denied Allstate's Application

without prejudice to raising the issue in this court. Doc. No. 149. On December 8,

2010, Allstate filed a Motion for Attorneys' Fees and Costs in this court. On

January 10, 2011, Plaintiffs' filed an Opposition. Pursuant to Local Rule 7.2(d),

the court finds that it can determine this Motion without a hearing.

### III. <u>DISCUSSION</u>

A federal court sitting in diversity must apply state law in determining

whether a prevailing party is entitled to attorneys' fees. *See Farmers Ins. Exch. v.*

*Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1236 (9th Cir. 2001).

Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or

costs unless so provided by statute, stipulation, or agreement." *Stanford Carr Dev.*

*Corp. v. Unity House, Inc.*, 111 Haw. 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

Allstate is seeking an award of fees pursuant to HRS § 607-14, which provides in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable . . . .

Additionally, if practicable, the court must apportion fees between assumpsit and non-assumpsit claims. *Blair v. Ing*, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001).

Allstate prevailed on Plaintiffs' claims both on summary judgment and on appeal. Accordingly, at issue is whether the appeal was in the "nature of assumpsit" such that Allstate is entitled to its fees pursuant to HRS § 607-14, and if so, whether the award can be practicably apportioned between the assumpsit and non-assumpsit claims, and whether the fees requested are reasonable.

## A.    Nature of the Claims

In determining the nature of a claim, the Hawaii Supreme Court looks to the "facts and issues raised in the complaint, the nature of the entire grievance,

and the relief sought." *Porter v. Hu*, 116 Haw. 42, 66, 169 P.3d 994, 1018 (Haw. App. 2007) (quoting *Blair*, 96 Haw. at 332, 31 P.3d at 189).  In ascertaining the nature of a proceeding at the appellate level, the Hawaii Supreme Court looks to the essential character of the underlying action in the trial court.  *Leslie v. Estate of Tavares*, 93 Haw. 1, 5, 994 P.2d 1047, 1051 (2000).  As the Court explained, "an appeal, in itself, is not a distinct 'action,' but, rather, a continuation of the original action."  *Id.*

Allstate argues that even though only one of the Plaintiffs' three claims against it was for breach of contract, all of Plaintiffs' claims were in the nature of assumpsit such that Allstate should be awarded all of its fees incurred on appeal.  In making this argument, Allstate asks the court to reject the Special Master's Report's reasoning, which found that Plaintiffs' claims for bad faith and violation of HRS § 480-2 were not in the nature of assumpsit.

As to Plaintiffs' bad faith claim, the Special Master's Report explained that "there is a legal duty, implied in a first- and third- party insurance contract, that the insurer must act in good faith in dealing with its insured, and a breach of that duty of good faith gives rise to an independent *tort* cause of action." Special Master's Report, 2008 WL 4344741, at *4 (quoting *Enoka v. AIG Haw. Ins. Co.*, 109 Haw. 537, 549, 128 P.3d 850, 862 (2006) (emphasis in original)).

Although a closer call, the Special Master's Report also concluded that Plaintiffs' §

480-2 claim was non-assumpsit in nature because it has its own attorneys' fees

provision, HRS § 480-13(b).[2]  *Id.*  Further highlighting this difference is that unlike

the assumpsit statute, "§ 480-13(b) does not provide for an award of attorneys' fees

to a defendant who prevails on a § 480-2 claim."  *Id.*

Although Allstate disagrees with the finding of the Special Master's

Report that the bad faith and § 480-2 claims are not in the nature of assumpsit, the

court adopted the Special Master's Report and it is now law of the case.  The law

of the case doctrine provides that "when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the

same case."  *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009)

(quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).  Under the law of the

case doctrine, subsequent proceedings should follow the law of the case established

in a previous decision unless: "(1) the decision is clearly erroneous and its

enforcement would work a manifest injustice, (2) intervening controlling authority

---

[2]  HRS § 480-13(b) states in relevant part:
> Any consumer who is injured by any unfair or deceptive act of
> practice forbidden or declared unlawful by section 480-2:
> (1)  May sue for damages sustained by the consumer, and, if the
> judgment is for the plaintiff, the plaintiff shall be awarded . . .
> attorney's fees together with the costs of suit[.]

makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997) (footnote, citation, and internal quotation marks omitted).

At the appellate level, this case involved the same issues and was simply a subsequent stage of the original action in which the Special Master's Report awarded Allstate a portion of the fees it sought. Plaintiffs appealed the grant of summary judgment in its entirety, and a reversal of the Summary Judgment Order would have allowed Plaintiffs to proceed on all of their claims against Allstate. In other words, the appeal was a "continuation of the original action," *see Leslie,* 93 Haw. at 5, 994 P.2d at 1051, which involved three separate claims, only one of which was in the nature of the assumpsit. Accordingly, the Special Master's Report's finding that only the breach of contract claim is in the nature of assumpsit is law of the case.

In opposition, Allstate argues that Plaintiffs' claims are all in the nature of assumpsit because they are all based on the same general facts. Even if the court was to ignore the law of the case, the court would reject Allstate's argument -- regardless of whether the claims are based on similar facts, each claim had a separate basis (and corresponding elements) that had to be proven. As

explained above, only one of those claims was in the nature of assumpsit and the

court agrees with the Special Master's Report's reasoning.[3]

Plaintiffs, on the other hand, argue that Allstate's request for

attorneys' fees should be denied in its entirety because Allstate's alleged bad faith

actions caused Plaintiffs to file the action initially. But in determining the nature

of the action, the law does not ask the court to determine what might have

motivated Plaintiffs to pursue the suit. Rather, the court must look to the "facts

and issues raised in the complaint, the nature of the entire grievance, and the relief

sought." *Porter*, 116 Haw. at 66, 169 P.3d at 1018 (quoting *Blair*, 96 Haw. at 332,

31 P.3d at 189). While allegations of  bad faith may have been the initial impetus

for filing the action, Plaintiffs nonetheless filed a claim for breach of contract,

which is clearly assumpsit in nature.

In sum, the court finds that Plaintiffs' breach of contract claim is

assumpsit in nature, but the bad faith and § 480-2 claims are not.

---

[3] Allstate cites several cases in support of its assertion that all of Plaintiffs' claims are in the nature of assumpsit. These cases are distinguishable, however, because they do not address the issue of whether *a tortious bad faith claim* is in the nature of assumpsit. *See TSA Int'l., Ltd. v. Shimizu Corp.*, 92 Haw. 243, 263-64, 990 P.2d 713, 733-34 (1999) (holding a breach of fiduciary duty claim only sounds in tort where the duty arises from the fiduciary relationship and not the contractual agreement); *Kona Enter. Inc. v. Estate of Bishop*, 229 F.3d 877, 886 (9th Cir. 2000) (holding where breach of fiduciary duty claim is based on breach of contract and a party is seeking damages resulting from that breach, the claim sounds in assumpsit); *Schulz v. Honsador Inc.*, 67 Haw. 433, 436, 690 P.2d 279, 281 (1984) (finding an action for breach of warranty in the nature of assumpsit even though the action included an additional claim of negligence).

**B.     Whether Apportionment Is Practicable**

Having concluded that only the breach of contract claim is in the nature of assumpsit, the court must now decide whether apportionment of fees is practicable. *See Blair*, 96 Haw. at 332, 31 P.3d at 189.

A court need not apportion fees "when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not." *Porter*, 116 Haw. at 69, 169 P.3d at 1021. In determining whether representation is common to all claims, the court can consider whether the claims arose from a common core of facts, occurred roughly within the same time frame, and utilized similar legal theories. *Id.* Additionally, the court may consider whether "counsels' time was devoted largely to the litigation as a whole and not divisible into discrete slivers neatly matching each claim advanced." *Id.*

The Special Master's Report found that although it was not possible to allocate the amount of time spent on assumpsit and non-assumpsit claims, "[a] full award . . . would not be warranted because only one of the three claims Plaintiffs alleged against Allstate was in the nature of assumpsit." Special Master's Report, 2008 WL 4344741 at *5. This court adopted, without objection, the Special Master's recommendation that the appropriate award should be seventy-five

percent of the time attributable to the action as a whole.  *Id.*  This determination is now law of the case.

There is no justification as to why this determination is not applicable here as law of the case.  Although the court may have come to another conclusion if considering this issue anew, the twenty-five percent reduction of Allstate's fees is supported by the fact that two out of three of Plaintiffs' claims were non-assumpsit.  Additionally, diverging from the Special Master's Report is not warranted here because there has been no intervening controlling law[4] and the same claims were at issue at both the trial and appellate levels of this action.

In sum, the Special Master's Report, which was adopted by this court, is law of the case and a twenty-five percent reduction in fees is applicable.

## C.    Reasonableness of Fees Requested

As the Special Master's Report previously outlined, *see* Special Master's Report, 2008 WL 4344741 at *5, Hawaii courts calculate reasonable

---

[4] Although some District of Hawaii cases, subsequent to the Special Master's Report, have not reduced awards where apportionment is not practicable, *see, e.g.*, *Schmidt v. Fidelity Nat'l Title Ins. Co.*, 2009 WL 1955313, at *4 (D. Haw. June 30, 2009) (finding that apportionment would be "impossible" where the negligence and contract claims "were both derived from a common nucleus of operative fact"); *Schmidt v. Allstate Ins. Co.*, 2008 WL 4753276, at *5 (D. Haw. Oct. 29, 2008) (declining to apportion fees where the claims are inextricably intertwined and the "Court is unable to apportion the fees incurred as a result of the breach of contract claim"), there has been no change in Hawaii state case law that would justify ignoring the law of the case.  *See Richardson v. United States,* 841 F.2d 993, 996 (9th Cir. 1988) (affirming that only "an intervening decision of the highest state court in a case governed by state law is grounds for reconsidering the law of the case").

attorneys' fees based on a method that is virtually identical to the traditional

"lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

*See DFS Group L.P. v. Paiea Props.*, 110 Haw. 217, 222, 131 P.3d 500, 505

(2006). The court must determine a reasonable fee by multiplying the number of

hours reasonably expended by a reasonable hourly rate. *See id.* at 222-23, 131

P.3d at 505-06. In addition, Hawaii courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty
> of the questions involved and the skill requisite properly
> to conduct the cause; (2) whether the acceptance of
> employment in the particular case will preclude the
> lawyer's appearance for others in cases likely to arise out
> of the transaction, and in which there is a reasonable
> expectation that otherwise he would be employed, or will
> involve the loss of other employment while employed in
> the particular case or antagonisms with other clients;
> (3) the customary charges of the Bar for similar services;
> (4) the amount involved in the controversy and the
> benefits resulting to the client from the services; (5) the
> contingency or the certainty of the compensation; and
> (6) the character of the employment, whether casual or
> for an established and constant client.

*Chun v. Bd. of Trs. of Employees' Ret. Sys. of Haw.*, 106 Haw. 416, 435, 106 P.3d

339, 358 (2005) (citations omitted). These factors, however, are merely guides;

courts need not consider them in every case. *See id.*

Allstate requests the following lodestar amount for work counsel

performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Kevin Sumida | 22 | 140 | $3,080.00 |
| Anthony Wong | 47.1 | 115 | $5,416.50 |
| | | **TOTAL** | **$8,496.50**[5] |

As the Special Master's Report previously found, these hourly rates are manifestly reasonable given the experience of the attorneys involved and the prevailing rates in the community. Special Master's Report, 2008 WL 4344741, at *7. Further, a review of the hours spent appears reasonably necessary to address Plaintiffs' appeal -- the hours requested do not appear excessive, redundant, or avoidable. Indeed, Plaintiffs offer no argument that the fees requested are themselves unreasonable in any manner.

For the reasons stated above, this court will reduce the award of fees by twenty-five percent to account for the portion attributable to the non-assumpsit claims. The court therefore finds that Allstate is entitled to an award of $6,372.38 in fees.[6]

---

[5] The court has adjusted the amount of Allstate's request to account for a minor mathematical error in counsel's billing summary. Also, the request does not include one time entry in the amount of $245.00 (Rate of $70.00 x 3.5 Hours) with the initials "KR" next to it. This entry was not included in the total amount because Allstate's attorneys failed to explain "KR's" role in defending the appeal.

[6] HRS § 607-14 limits the award of attorneys' fees to twenty-five percent of the amount sued for if the defendant obtains judgment. Because Plaintiffs did not specify the amount of

(continued...)

# IV. CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part

Allstate's motion for attorneys' fees. Allstate is awarded fees in the amount of

$6,372.38.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge


*Deguchi, et al v. Allstate Ins. Co., et al*, Civ. No. 07-00144 JMS/LEK; Order Granting in part and Denying in part Defendant Allstate Insurance Company's Motion for Attorneys' Fees Incurred on Appeal

---

[6](...continued)
damages sought in their Complaint, The Special Master's Report relied on Plaintiffs' Request to Exempt Case from the Court Annexed Arbitration Program in finding that the award value would have been "in excess of $150,000.00." Special Master's Report, 2008 WL 4344741, at *8 (quotation marks omitted). Relying upon The Special Master's Report's reasoning, the court finds that the amount awarded does not exceed the twenty-five percent limit.